## WILLIAM COGSWELL *versus* THE ESSEX MILL CORPORATION.

Where the legislature authorized a corporation to build across a navigable ʔ'veɪ a mill dam of a given height, and to keep up the same head of water throughout the year, but provided no remedy for any person whose lands should be thereby injuriously flowed, it was held that the remedy must be by an action at common law, and not by a process under *St.* 1795, *c.* 74, respecting mills.

THIS was a complaint to the Court of Common Pleas, pursuant to *St.* 1795, *c.* 74, alleging that the complainant's land was flowed by reason of the respondents' mill dam, and praying that a jury may be summoned to appraise the yearly damages done to the complainant by the flowing, and how far the same may be necessary.

The respondents, in their plea, say that the complainant ought not to have a jury summoned, for that the respondents were incorporated by *St.* 1822, *c.* 25, and by the same statute were authorized to build and maintain for ever a mill dam across Chebacco river at the height of the surface of the marshes, and thereby to admit and detain the tide waters at all times of the year at that height, and that under this authority they built and have maintained a dam of that height and no higher, and thereby admitted and detained the tide waters, as they lawfully might, by which dam the flowing, if any, has been occasioned ; and they say that the complainant's remedy therefor, if any, should be by an action at common law, and not by the process under the statute of 1795.

The complainant replies, that the corporation were authorized to build and maintain a dam, &c. provided they should make a waste gate twelve feet wide, and eighteen inches deep from the top of the dam, which should be kept open at all times when the high marshes should be flowed above the dam, and he avers that the corporation have never made such a waste gate.

To this the respondents demur generally.

*Jan. 10th, 1828, in Suffolk.*　　*Choate*, for the respondents, after remarking that the Chebacco is a navigable river, contended that the matter disclosed in the plea was a bar to the complaint.

1. Even if there were nothing in the charter to prevent it, this process could not be sustained. The remedy given by the 2d section of *St.* 1795, *c.* 74, has reference only to a dam authorized by the first section ; which does not apply to a dam erected across a navigable river. The rights claimed by the respondents are derived wholly from their charter. *Stevens* v. *Middlesex Canal*, 12 Mass. R. 468 ; *Boston &c Mill Corp* v *Gardner*, 2 Pick. 37.

2. But the charter renders the statute of 1795 utterly inap plicable. The jury, under that statute, are to say how high the dam shall be, and what portion of the year the lands ought not to be flowed ; but in the case at bar both the height of the dam and the time for flowing are determined by the legislature ; the jury, therefore, must be sworn to perform what is beyond their power. *Spring* v. *Lowell*, 1 Mass. R. 422 ; *Scarro* v. *Saprany*, Cro. Jac. 119 ; 2 Inst. 479 ;. *Johnson* v. *Kittredge*, 17 Mass. R. 76. The fourth section too of the statute of 1795 is inconsistent with the charter.

The replication does not avoid the plea. Suppose that the corporation cannot avail themselves of their charter because they have not complied with the condition therein mentioned, they do not therefore fall within the statute of 1795. If it was a condition precedent, the dam is a nuisance at common law ; if a condition subsequent, then the dam may be maintained until by an information in the nature of a *quo warranto* the charter shall be annulled.

*Saltonstall* and *Shillaber*, *contrà*. The complainant has not a choice of remedies ; *Stowell* v. *Flagg*, 11 Mass. R. 364, (see Rand's ed. *p.* 366, note *a ;*) and it is apprehended that the proper remedy is under 'the statute of 1795. That statute is general in its application, making no distinction between fresh and salt, navigable and unnavigable rivers. The *Prov. St.* 13 *Ann. c.* 8. (Anc. Chart. 405,) contains provisions nearly similar. It is true that an individual cannot erect a dam across a navigable river without the consent of the legislature, but where he has done it with their consent, he is upon a footing with owners of other dams. This process is more expeditious and less expensive than a suit at common law, and was intended for the benefit of mill owners. The

*Cogswell
v.
Essex Mill
Corpora-
tion.*

96

statute of 1795 having taken away the remedy at common law, and no remedy being prescribed in the charter of this corporation, recourse must be had to that statute.

Supposing, however, that the charter, had it been pursued, would have superseded the general statute, it was incumbent on the respondents to aver that they had complied with its requisitions. But on the contrary, the demurrer admits that they have not performed an essential condition. This does not make them trespassers, but it prevents them from setting up a defence under their charter.

The supposed difficulty, that the jury cannot say how high the dam shall be nor what time the lands shall be flowed, is easily obviated. Let it be supposed that the legislature have settled the height and time, the jury, as a matter of form, may return a verdict accordingly, just as they do in any case where the parties agree upon those points.

But the charter contains provisions which are unconstitutional. The legislature virtually appropriate to one individual, for private uses, the land of another, and this too without providing any compensation. *Perry* v. *Wilson*, 7 Mass. R. 393 ; *Holden* v. *James*, 11 Mass. R. 396. The grant may be void so far as it affects the complainant, and valid so far as respects the consent of the legislature to build a dam across a navigable river. The presumption is, that the respondents are either owners of the soil, or have obtained the consent of the owners to build the dam, and it is not for the complainant to say they are trespassers. *Commonwealth* v. *Union Ins. Co.* 5 Mass. R. 230 ; *Stevens* v. *Middlesex Canal*, 12 Mass. R. 468. In this view of the case then, the respondents must be considered as coming within the statute of 1795.

*Cummins*, in reply, said there were substantial objections to the process of complaint. The respondents would not have accepted a charter containing the mill act, which would subject them to the fluctuating estimates of juries. They wished to have their rights secured by a permanent provision.

97          The opinion of the Court was drawn up by

*April term*
1828.
PARKER C. J.    It appears to us that the statute on which this complaint is founded does not apply to the case, as stated in the plea in bar. The statute remedy is intended only for

<div style="float:right">Cogswell<br>v.<br>Essex Mill<br>Corpora-<br>tion.</div>

cases where the owner of mill privileges, or those who have legally obtained the consent of the owner, should by means of a dam so raise and spread the water as to injure the lands of others. The case before us is where the legislature have granted the right to the corporation to obstruct a navigable river by a dam, making provision in the act itself for the security of owners of land against an injurious flowing thereof.[1] The height of the dam is determined by the statute, and therefore a jury would have no right to reduce it. The right to keep up the same head of water throughout the year is granted; a jury, therefore, could not restrain the corporation to particular seasons of the year, as it is their duty to do under the statute of 1795. [See Revised Stat. c. 116, § 18.]

Upon these two important points, there being no jurisdiction under the complaint, it would follow that the case is not at all within the statute, for in order to sustain the jurisdiction of the Court of Common Pleas by a jury, there should be power, if the case required it, to execute all the powers given by the statute. A jury once impannelled under that statute, would be obliged to assess yearly damages, to limit the height of the dam, and to fix the time when it is not necessary to flow the lands at all.[2] The jury is obliged under oath to perform these duties, and any verdict which should show that they had neglected them would be void.

Under this complaint then, if it be sustainable, the anomalous case might exist, of a jury in the country discussing the merits of a grant of the legislature, and at their discretion repealing it.

What then is the remedy if any one is injured by the execution of the act of the legislature ? An action at common law. The act gives a right to erect the dam in a form supposed to be sufficient to protect from injury the property of the land owners ; if it turns out insufficient, they will have an action for the consequential injury.

<div style="text-align:right"><em>Replication adjudged bad.</em></div>

---

[1] See Constit. of Massachusetts, Amendments, *art.* 5 ; *Comins* v. *Bradbury,* 1 Fairfield, 447 ; *Stowell* v. *Flagg,* 11 Mass. R. (Rand's ed.) 366, note *a, Case* v. *Thompson,* 6 Wendell, 637 ; *Baker* v. *Boston,* 12 Pick. 194 ; 2 Kent's Comm. (3d ed.) 337 to 340.

[2] See Revised Stat. c. 116, § 18.